26189.   WILKES COUNTY v. ARRENDALE et al.

ALMAND, Chief Justice. This appeal is from an order dissolving a temporary injunction.

Wilkes County brought its equitable petition against Lee Arrendale and others individually and as members of the State Board of Corrections. In substance, the petition alleged the following set of facts. The plaintiff county was operating a public works camp under the approval of the defendants. The defendants had given notice to the plaintiff that the camp was not being operated pursuant to the rules and regulations of the board and had threatened to withdraw all prisoners from the work camp. It further alleged that the rules and regulations

promulgated by the defendants to govern the operation of county public works camps were not reasonable and exceeded the authority granted to the board under Title 77 of the Georgia Code of 1933.

The prayers of the petition were that the defendants be restrained from removing the prisoners from the work camp and from acting in any unreasonable manner toward the plaintiff.

On presentation of the petition, the trial court granted a temporary injunction.

The defendants filed their answer in which they denied the material allegations of the petition and asserted that the county had operated the camp in gross non-compliance with the rules of the board.

After a hearing by the court on August 20, 1969, the following order was entered: "It is Considered, Ordered and Adjudged that temporary injunction issue restricting the defendants from closing the Wilkes County Public Works Camp and the defendants shall have the opportunity by appropriate resolution to report to the court all reasons that the board may have for the closing of the Wilkes County Public Works Camp. Upon the submission to this court of the resolution of the State Board of Corrections, another hearing will be scheduled by this court at which time the court will make further determination concerning the issues raised."

On November 4, 1969, the defendants filed a motion to dissolve the temporary injunction and attached to the motion a resolution adopted by the board on October 14, 1969. This resolution in substance recited that Wilkes County had failed to comply with seventeen rules of the board; that the approval of the board for the operation of the camp was rescinded and the director was authorized and directed to withdraw all prisoners as soon as the temporary injunction was lifted. This motion also contained the affidavits of five agents of the board citing the violations of the seventeen specific rules.

After a hearing on the motion to dissolve the injunction, the court, on March 12, 1970, entered an order dissolving the temporary injunction.

Under the Act of 1956 (Ga. L. 1956, pp. 161, 170, 174; *Code Ann.*

§§ 77-307—77-312) the State Board of Corrections has the authority to adjust and promulgate rules and regulations governing the transaction of business of the penal system of the State, and to adopt rules governing the assignment, housing, working, feeding, treatment and discipline of all prisoners coming under its custody. It further provides that all public works camps established by the counties shall be subject to supervision and control by the State board, and that the said board is authorized to promulgate rules and regulations governing the administration and operation of the work camp.

The appellants contend that the defendant board in its resolution setting out the seventeen purported violations of its rules acted, "in an arbitrary, capricious and unwarranted manner."

The trial judge, after hearing the evidence, did not agree with this contention.

After reviewing the evidence we hold that the trial court did not abuse its discretion in dissolving the temporary injunction.

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1970—DECIDED FEBRUARY 15, 1971—
REHEARING DENIED MARCH 4, 1971.

*Walton Hardin, Ben B. Ross,* for appellant.

*Arthur K. Bolton,* Attorney General, *Harold N. Hill, Jr.,* Executive Assistant Attorney General, *Marion O. Gordon, Courtney Wilder Stanton,* Assistant Attorneys General, for appellees.